# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| KEVIN W. PEASE, | ) | 4:10-cv-00023-RRB-SAO |
| | ) | |
| Petitioner, | ) | **FINAL REPORT AND** |
| | ) | **RECOMMENDATION** |
| vs. | ) | **REGARDING** |
| | ) | **MOTION TO DISMISS** |
| R.V. VEACH, WARDEN, HUDSON | ) | **[DOCKET 25]** |
| CORRECTIONAL FACILITY | ) | |
| | ) | |
| Respondent. | ) | |

Respondent R.V. Veach moves to dismiss Kevin W. Pease's Petition for Writ of Habeas Corpus on the ground that his claims are barred by the one-year statute of limitations pursuant to the Antiterrorist and Effective Death Penalty Act of 1996 ("AEDPA").[1]  This report and recommendation addresses only the Respondent's Motion to Dismiss.[2]  Pease filed an Opposition to the Respondent's Motion to Dismiss.[3]  The Respondent submitted a Reply.[4]  For the reasons discussed below, I conclude that the Respondent's Motion to Dismiss should be granted.

## Procedural History

### A.  State Court Proceedings

In February 2000, Kevin Pease was convicted of two counts of second-degree murder for killing J.H., as well as second-degree assault and first-degree robbery of Franklin Dayton.[5]  He

---

[1] The AEDPA states (in relevant part): "A 1-year statute of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from… the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review"  28 U.S.C. § 2244(d)(1)(A).
[2] Docket No. 25.
[3] Docket No. 39.
[4] Docket No. 43.
[5] Exhibits A, B, C to Docket No. 25.

was sentenced to serve a composite term of 70 years, with 15 years suspended and 10 years of probation.[6]  Pease's sentence was silent on the issue of restitution.[7]

Pease filed a timely appeal with the Alaska Court of Appeals on March 9, 2000.[8]  While Pease's appeal was pending, the State of Alaska filed a "notice of restitution" in state Superior Court on March 10, 2000.[9]  The trial court judge orally ordered Pease to make restitution on May 30, 2000.[10]  However, the restitution ordered was $400 more than the evidence at trial supported.[11]  Pease amended his appeal to include the claim that the trial judge erred in calculating the amount of restitution.[12]  The Alaska Court of Appeals affirmed Pease's underlying convictions and sentence, and remanded the restitution issue to the trial court.[13]  Pease's appeal to the Alaska Supreme Court was denied on November 22, 2002.[14]  Pease did not seek a writ of certiorari in the United States Supreme Court.

On remand, a separate "restitution judgment" was entered on March 19, 2003.[15]  This judgment was entered pursuant to Alaska Criminal Rule 32.6(a), (c)(2), (d), an Alaska statute which treats restitution as a separate matter from the underlying criminal sentence.[16]

**B.  State Post-Conviction Relief Proceedings**

Pease filed a timely application for post-conviction relief challenging his conviction and sentence on March 17, 2003.[17]  The trial judge granted the application but was reversed by the

---

[6] Exhibit C to Docket No. 25.
[7] Exhibit C to Docket No. 25.
[8] *Pease v. State*, 54 P.3d 316 (Alaska App. 2002).
[9] Exhibit D to Docket No. 25.
[10] Tr. 3184-3185.
[11] *Pease*, 54 P.3d at 331.
[12] Exhibits F, G to Docket No. 25.
[13] *Pease v. State*, 54 P.3d at 332.
[14] Exhibit I to Docket No. 25.
[15] Exhibit J to Docket No. 25.
[16] Alaska Criminal Rule 32.6(a), (c)(2), (d).
[17] Exhibit K to Docket No. 25.

Alaska Court of Appeals on July 27, 2007.[18]  Pease filed a timely petition for hearing in the Alaska Supreme Court, which was originally granted, then dismissed as "improvidently granted." on August 12, 2009.[19]

### C. Federal Court Proceedings

A petition for Writ of Habeas Corpus was filed in the U.S. District Court for the District of Alaska on August 9, 2010.[20]  The State of Alaska filed a Motion to Dismiss the Habeas Petition on March 25, 2011.[21]  A Response in Opposition to the Motion to Dismiss was filed on May 19, 2011.[22]  A Reply to the Response in Opposition to the Motion to Dismiss was filed on May 31, 2011.[23]

The Petition for Writ of Habeas Corpus asserted that during Pease's trial, the jury conducted an unauthorized experiment to test the claims of a witness, violating his due process rights under the Fourteenth Amendment.[24]  The State of Alaska's Motion to Dismiss argues the Petition must be dismissed because it was filed more than one year after Pease's judgment became final.[25]  The State asserts that Pease's conviction became final when the State Supreme Court affirmed his underlying conviction and sentence, regardless of the trial court's subsequent decision on the issue of restitution.[26]  The Opposition to the Motion to Dismiss argues that Pease's judgment did not become final until the trial court entered the restitution judgment.[27]  The Reply in Response to Opposition to Motion to Dismiss contends that because Pease was

---

[18] Exhibit L to Docket No. 25.
[19] Exhibit M to Docket No. 25.
[20] Docket No. 1.
[21] Docket No. 25.
[22] Docket No. 39.
[23] Docket No. 43.
[24] Docket No. 1.
[25] Docket No. 25.
[26] Docket No. 25.
[27] Docket No. 39.

incarcerated solely due to the 70 year sentence, not the restitution order, once that sentence was affirmed the judgment became final for the purposes of the AEDPA.[28]

**DISCUSSION**

The one-year statute of limitations began on the "date on which the judgment becomes final by the conclusion of direct review or the expiration of the time for seeking such review."[29] Both parties agree that the statute was tolled pursuant to 28 U.S.C. § 2244(d)(2) for the duration of Petitioner's effort to seek post-conviction relief.[30]

Veach alleges that the one-year statute of limitations period began on February 24, 2003. Veach contends that Pease's conviction became final on November 23, 2002, when his appeal challenging the underlying conviction and sentence was denied by the Alaska Supreme Court. Docket No. 25 at 3, 4. The one-year limitations period would start once the time for seeking a writ of certiorari in the United States Supreme Court expired 90 days later, on February 24, 2003. Supreme Court Rules 13.1, 39; *See also Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999). Under this analysis, the statute of limitations would expire (taking into account statutory tolling) on July 24, 2010.

Pease alleges that the one-year statute of limitations period did not begin until March 10, 2003, and thus is not time barred. Petitioner alleges that his conviction did not become final until after the restitution judgment was entered on March 10, 2003, and time was tolled seven days later when he filed for post-conviction relief in state court. Docket No. 39 at 2; *See Nino v. Galaza*, 183 F.3d 1003, 1006-07 (9th Cir. 1999). The parties agree that tolling ended on August 13, 2009, when the Alaska Supreme Court denied Petitioner's request for a hearing.

---

[28] Docket No. 43.
[29] 28 U.S.C. § 2244(d)(1)(A).
[30] 28 U.S.C. § 2244(d)(2) states: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

Docket No. 39 at 2. Petitioner then filed the instant petition 353 days later, and thus contends that it is not time-barred, five days short of the statute of limitations. Docket No. 39 at 3.

## A. Finality of Judgment

The outcome of this Motion to Dismiss depends on when Petitioner's judgment became final. Respondent argues that "[t]he sentence is the judgment."[31] Petitioner instead argues that judgment is not final until "it terminates the litigation…on the merits and leaves nothing to be done but enforce by execution what has been determined.'"[32] Petitioner argues that because the Alaska Court of Appeals remanded the issue of restitution back to the trial court, and restitution was not imposed until March 10, 2003, the judgment was not final until that date.[33]

## B. Petitioner's Claim For Habeas Relief

Petitioner's present petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 was not timely filed. The instant petition is file-stamped August 9, 2010. Petitioner's conviction became final when his appeal was denied by the Alaska Supreme Court on November 23, 2002, and the one-year limitations period began when the time for seeking a writ of certiorari in the United States Supreme Court expired 90 days later, on February 24, 2003. Assuming the limitations period was tolled on March 18, 2003, 21 days elapsed. The tolling ended on August 13, 2009, when the Alaska Supreme Court denied Petitioner's request for a hearing. The instant petition was filed on August 2, 2010, 353 days later. When the two periods are combined, the instant petition was filed 374 days after the limitations period began, nine days after the statute of limitations expired.

---

[31] *Burton v. Stewart*, 549 U.S. 147, 156-157 (2007) (*per curiam*).
[32] *Berman v. United States*, 302 U.S. 211, 212 (1937).
[33] Docket No. 39 at 2.

I am following the Eleventh Circuit's reasoning in *Ferreira v. Secretary, Dept. of Corrections*[34] and finding that for the purposes of 28 U.S.C. § 2244(d), the "judgment" which triggers the running of the statute of limitations is the one which has caused the inmate to be held in custody.[35]

In *Ferreira*, the court held that:

> "*Burton [v. Stewart]* makes clear that the writ and AEDPA, including its limitations provisions, are specifically focused on the judgment which holds the petitioner in confinement. What this Court has previously called the judgment of conviction and the sentencing judgment together form the judgment that imprisons the petitioner. Therefore, AEDPA's statute of limitations begins to run from the date both the conviction *and* the sentence the petitioner is serving at the time he files his application become final because judgment is based on both the conviction and the sentence.[36]

The interpretation of the term "judgment" in *Ferreira* is consistent with the rules of statutory interpretation. It is well established a court should always start with the plain language of the statute.[37] However, "[w]ords with a fixed legal or judicially settled meaning, where the context so requires, must be presumed to have been used in that sense."[38] In *Ferreria*, the court concluded that the term "judgment" actually consisted of the "judgment of conviction" and the "sentencing judgment".[39] This indicates that "judgment", in the context of habeas cases, carries at some meaning beyond the dictionary definition of "the ability to judge, make a decision, or form an opinion objectively, authoritatively, and wisely, especially in matters affecting action."[40]

---

[34] 494 F.3d 1286 (11th Cir. 2007)

[35] There did not appear to be any cases in the Ninth Circuit answering the question here regarding which judgment triggers the statute of limitations under the AEDPA, including *Harris v. Carter*, 515 F.3d 1051 (9th Cir., 2008).

[36] 494 F.3d at 1293 (emphasis in original).

[37] *DeGeorge v. United States Dist. Court for Cent. Dist. of California*, 219 F.3d 930, 937 (9th Cir.2000) ("The purpose of statutory construction is to discern the intent of Congress in enacting a particular statute. The first step in ascertaining congressional intent is to look to the plain language of the statute.").

[38] *Cable Arizona Corp. v. Coxcom, Inc.*, 261 F.3d 871, 874 (9th Cir. 2001).

[39] *Ferreria*, 494 F.3d at 1293.

[40] *Random House Dictionary*.

In enacting the AEDPA, Congress intended its "purpose to further the principles of comity, finality, and federalism."[41] The Ninth Circuit has specifically referenced the importance of comity, noting that "[t]olling AEDPA's statute of limitations until the state has fully completed its review reinforces comity and respect between our respective judicial systems."[42] However, "[i]n furtherance of Congress's desire to accelerate the federal habeas process, AEDPA imposed a one-year statute of limitations on the filing of a federal habeas corpus petition by a state prisoner."[43] The balance between comity and a desire for speedy resolution of habeas matters should guide us to hold that the relevant conviction for the purposes of triggering the statute of limitations under § 2244(d)(2) is the conviction which holds the prisoner in custody. It makes little sense to delay the disposition of a habeas petition while the state court considers matters which have no bearing on Petitioner's conviction or incarceration.

The United States Supreme Court recently affirmed that this is the primary logic of the AEDPA. The Court noted that "[i]f, for example, a litigant obtains relief on state-law grounds, there may be no need for federal habeas. The same dynamic may be present to a degree with respect to motions that do not challenge the lawfulness of a judgment. If a defendant receives relief in state court, the need for federal habeas review may be narrowed or even obviated."[44]

A cursory review of case law in other circuits finds no circuit court has reached a contrary conclusion. District courts within the Ninth Circuit and several other circuit courts have cited *Ferreria* with approval.[45] The lack of any contrary citations is strong evidence that *Ferreria* was correctly decided.

---

[41] *Williams v. Taylor*, 529 U.S. 420, 436 (2000).
[42] *Nino v. Galaza*, 183 F.3d 1003, 1007 (9th Cir. 1999)
[43] *Nino*, 183 F.3d at 1004-05 (internal quotation marks and citation omitted).
[44] *Wall v. Kholi*, 563 U.S. ___, 131 S.Ct. 1278 (2011).
[45] *See Scott v. Hubert,* 635 F.3d 659 (5th Cir. 2011); *Reber v. Steele,* 570 F.3d 1206 (10th Cir.); *Chavez v. Warden*, 2008 WL 4531833 (C.D.Cal. 2008); *Johnson v. Sisto*, 2010 WL 1006444 (E.D.Cal. 2010); *Hess v. Ryan*, 651

When Petitioner filed the instant petition, he was in custody pursuant to the 70 year composite sentence imposed by the trial court, which was affirmed by the Alaska Court of Appeals and denied appellate review by the Alaska Supreme Court on November 22, 2002.  He was not imprisoned due to the restitution order of March 10, 2003.  Once the time for seeking a writ of certiorari to the United States Supreme Court expired on February 23, 2003, the statute of limitations began to run.  The limitations period was tolled from March 17, 2003 to August 13, 2009.  The period expired on July 24, 2010, and the instant petition was filed nine days later.  Thus, the petition was filed after the statute of limitations had expired.

## SUMMARY

For the foregoing reasons, Respondent's Motion to Dismiss should be GRANTED.

IT IS SO RECOMMENDED.

DATED this 23<u>rd</u> day of August, 2011 at Fairbanks, Alaska.

__ s/SCOTT A. ORAVEC____
SCOTT A. ORAVEC
United States Magistrate Judge

Pursuant to Local Magistrate Rule 6(a), a party seeking to object to this proposed finding and recommendation shall file written objections with the Clerk of Court no later than **NOON** on **Friday, September 2, 2011**.  The failure to object to a magistrate judge's findings of fact may be treated as a procedural default and waiver of the right to contest those findings on appeal. *McCall v. Andrus*, 628 F.2d 1185, 1187-1189 (9th Cir.), *cert. denied*, 450 U.S. 996 (1981).  The Ninth Circuit concludes that a district court is not required to consider evidence introduced for the first time in a party's objection to a magistrate judge's recommendation.  *United States v. Howell*, 231 F.3d 615 (9th Cir. 2000).  Objections and responses shall not exceed **five (5) pages**

---

F.Supp.2d 1004 (D.Ariz. 2009); *Roberts v. Uttecht*, 2010 WL 3516909 (E.D.Wash. 2010); *Razo v. Thomas,* 700 F.Supp.2d 1252 (D.Hawai'i 2010).

in length, and shall not merely reargue positions presented in motion papers. Rather, objections and responses shall specifically designate the findings or recommendations objected to, the basis of the objection, and the points and authorities in support. Response(s) to the objections shall be filed on or before **NOON** on **Friday, September 9, 2011**. The parties shall otherwise comply with provisions of Local Magistrate Rule 6(a).

Reports and recommendations are not appealable orders. Any notice of appeal pursuant to Fed.R.App.P. 4(a)(1) should not be filed until entry of the district court's judgment. *See Hilliard v. Kincheloe*, 796 F.2d 308 (9th Cir. 1986).